IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DALE WILLIAM GILLEY, JR., #182 280, ) ) ) Plaintiff, ) ) v. ) ) LEIGH GWATHNEY, et al., ) ) Defendants. ) | CASE NO. 2:22-CV-347-WHA-CSC |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

*Pro se* Plaintiff Dale Gilley, Jr., an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. Gilley brings suit against Leigh Gwathney, Darryl Littleton, and Dwayne Spurlock, members of the Alabama Board of Pardons and Paroles, and Steven Marshall, Attorney General for the State of Alabama, alleging a denial of fair consideration for parole and claiming Defendants denied him parole in retaliation for filing federal lawsuits. Gilley seeks declaratory and injunctive relief and "such additional relief as this Court may deem just and proper." Gilley also requests trial by jury. Doc. 1.

After review of the Complaint, the undersigned RECOMMENDS Gilley's Complaint against Defendant Marshall be DISMISSED, his damages claim against Defendants Gwathney, Littleton, and Spurlock in their official capacities be DISMISSED, and his damages claims against Defendants Gwathney, Littleton, and Spurlock in their

individual capacities regarding their decision to deny him parole be DISMISSED, as set forth below.

## II. STANDARD OF REVIEW

Because the Court granted Gilley leave to proceed *in forma pauperis* (*see* Doc. 7), his Complaint is subject to screening under 28 U.S.C. § 1915A which requires a court to dismiss the Complaint, or any portion of the Complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks and arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The Court may also dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the

answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." Id.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

### III.   DISCUSSION

#### A.   Official Capacity Claims

To the extent Gilley's Complaint seeks monetary damages from Defendants Gwathney, Littleton, and Spurlock in their official capacities, they are entitled to sovereign immunity. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (citation and quotation marks omitted).  Thus, a state official may not be sued in his official capacity unless the

3

State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.  The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849.  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (*citing Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).

In light of the foregoing, Defendants Gwathney, Littleton, and Spurlock are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacity. *Selensky*, 619 F. App'x at 849; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994).

### B.     Individual Capacity Claims

Insofar as Gilley seeks monetary damages from Defendants Gwathney, Littleton, and Spurlock for actions relative to the parole consideration process and the denial of parole, he is entitled to no relief. The Eleventh Circuit has long recognized that parole board officials are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton*, 502 F.2d 1101, 1101–02 (5th Cir. 1974). Gilley seeks to challenge the actions taken by the parole board defendants

during his May 2022 parole proceedings which resulted in the denial of parole. Under these circumstances, the actions of the parole officials are inextricably intertwined with their decision-making authority. They are therefore immune from payment of monetary damages. Consequently, Gilley's claim for damages against Defendants Gwathney, Littleton, and Spurlock in their individual capacities regarding their decision to deny him parole is due to be summarily dismissed under 28 U.S.C. § 1915A(b)(1).

### C.  Steven Marshall

Gilley had an open parole review hearing on May 19, 2022. Present at the hearing was "the Attorney General's Office . . . who protested [Gilley's] release." Doc. 1 at 7. Gilley contends that no one at the Attorney General's Office knows him or had anything to do with his conviction and therefore no basis existed for a representative from this office to attend his parole hearing other than in retaliation for his prior lawsuits. *Id*. To the extent Gilley seeks to implicate Defendant Marshall through the concept of *respondeat superior* regarding the matters about which complains, he is entitled to no relief.

A § 1983 action will not support a claim under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining the doctrine of *respondeat superior* is inapplicable to § 1983 actions). The *Iqbal* Court clarified that a government official sued in his or her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions.  *Id*.  at 676–777 (holding "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . [A] plaintiff must plead that each

5

Government-official defendant, through the official's own actions, has violated the Constitution . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (finding doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (explaining that "a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.").

Based on this standard, Gilley's Complaint fails to affirmatively link Defendant Marshall to the alleged violation of his constitutional rights regarding his most recent parole review proceeding. To the extent Gilley essentially claims that this defendant is liable under § 1983 as the Attorney General for the State of Alabama without alleging any facts from which it can be inferred that he knew of or was personally involved with the actions about which Gilley complains is insufficient. Accordingly, the Complaint against Defendant Marshall is due to be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

...

## IV. CONCLUSIONS

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1. that Plaintiff's 42 U.S.C. § 1983 claims for damages against Leigh Gwathney, Darryl Littleton, and Dwayne Spurlock in their official capacities be DISMISSED with prejudice under to 28 U.S.C. § 1915A(b)(1);

2. that Plaintiff's 42 U.S.C. § 1983 claims for damages against Leigh Gwathney, Darryl Littleton, and Dwayne Spurlock in their individual capacities challenging their decision to deny him parole be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1);

3. that Plaintiff's 42 U.S.C. § 1983 claims against Attorney General Steven Marshall be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1);

4. that Defendant Marshall be TERMINATED as a party; and

5. this action be referred to the undersigned for further proceedings on Plaintiff's claims for injunctive relief challenging the parole board defendants' decision to deny Plaintiff parole in May 2022 and Plaintiff's claims for damages and injunctive relief against the parole board defendants on the claim of retaliation.

It is ORDERED that by **October 7, 2022**, the parties may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general

objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 23rd day of September 2022.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE