IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DALE WILLIAM GILLEY, JR., | ) | |
| AIS No. 182280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-347-RAH-CSC |
| | ) | |
| LEIGH GWATHNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *Defendants' Motion for Judgment on the Pleadings* (doc. 99) filed on June 6, 2025. The motion is fully briefed and ripe for decision. It is due to be granted.

## BACKGROUND

On June 7, 2022, Plaintiff Dale Williams Gilley, Jr. sued the then-sitting three members of the Alabama Board of Pardons and Paroles ("Parole Board Defendants") and Steve Marshall—the Alabama Attorney General—in both their individual and official capacities under 42 U.S.C. § 1983. Gilley's Complaint alleged that the Defendants violated Gilley's Fourteenth Amendment rights by denying him parole in retaliation for filing several federal lawsuits. He requested monetary and injunctive relief.

After the Magistrate Judge issued a Recommendation (*see* doc. 14) that recommended dismissal of certain claims and certain defendants, Gilley filed an objection (*see* doc. 17) that, through his self-described clarification, requested voluntary dismissal of his official capacity and his monetary damage claims. His

objection made clear that he only wished to pursue injunctive relief against the Defendants in their individual capacities.

On October 11, 2022, the Magistrate Judge construed Gilley's objection as a request for leave to file an amended complaint and granted Gilley's request to amend the Complaint by dropping Gilley's monetary damage and official capacity claims. This Court adopted that Recommendation, with modifications, and dismissed all claims except for Gilley's claims for injunctive relief against the Parole Board Defendants in their individual capacities. (Doc. 33.)  Steve Marshall was dismissed from the lawsuit in total.

On June 6, 2025, the Parole Board Defendants filed their *Motion for Judgment on the Pleadings* (doc. 99). They raise a host of arguments, but the Court finds that the jurisdictional argument is dispositive. As such, the substantive merits of Gilley's claims will not be addressed.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). During this determination, a court must "accept as true all material facts alleged in the non-moving party's pleading, . . . view those facts in the light most favorable to the non-moving party," *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014), and "reach a legal conclusion based on those facts." *Dozier v. Pro. Found. for Health Care, Inc.*, 944 F.2d 814, 816 n.3 (11th Cir. 1991) (internal quotations and citation omitted); *see also Perez*, 774 F.3d at 1336 (explaining that during its determination

of a motion for judgment on the pleadings, the court considers all pleadings—complaint and answer).

## JURISDICTION AND VENUE

Whether the Court has subject matter jurisdiction is a topic of this Opinion. As for personal jurisdiction and venue, the parties do not contest either, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391.

## DISCUSSION

Among other arguments, the Parole Board Defendants argue there is no subject matter jurisdiction for the remaining claims in Gilley's Complaint because Gilley cannot obtain the relief he seeks against the Parole Board Defendants in their individual capacities. The injunctive relief he seeks is an order that awards Gilley a new parole hearing without the Parole Board Defendants' and the Attorney General's participation and that he be granted parole if he meets the parole guidelines.

Federal courts are courts of limited subject matter jurisdiction. U.S. CONST. art. III, § 2. If a court lacks subject matter jurisdiction over a matter, it must dismiss it. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). A federal court's subject matter jurisdiction is limited to "Cases" or "Controversies." U.S. CONST. art. III, § 2. Article III's "case or controversy" requirement mandates that a "plaintiff . . . have standing to bring a claim in federal court." *Sierra Club v. Johnson*, 436 F.3d 1269, 1275 (11th Cir. 2006). The elements of Article III standing are well established. To have standing under the Constitution, 1) a plaintiff must have "suffered an injury in fact," 2) there must exist "a causal connection between the injury and the conduct complained of," and 3) a court decision can provide redress for the complained of injury. *Id.* at 1276 (citation omitted). "[O]nce a federal court determines that a plaintiff has no standing, the court is powerless to continue." *A&M*

*Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (internal quotations, brackets, and citation omitted).

Without redressability, there is no standing. *See Sierra Club*, 436 F.3d at 1276. Redressability exists when "a court decision can either eliminate the harm or compensate for it." *Ctr. for a Sustainable Coast v. U.S. Army Corps of Eng'rs*, 100 F.4th 1349, 1356 (11th Cir. 2024) (internal quotations and citation omitted). And it "must be the effect of the court's judgment on the defendant—not an absent third party—that redresses the plaintiff's injury, whether directly or indirectly." *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc) (internal quotations, citation, and emphasis omitted).

Redressability is the main concern here, as "it is well settled that under [42 U.S.C.] § 1983, a plaintiff cannot sue an official in her individual capacity for injunctive or declaratory relief." *DeWitt v. Pers.*, No. 23-11203, 2025 WL 1368170, at *2 n.3 (11th Cir. May 12, 2025) (per curiam) (cleaned up) (collecting cases from the Tenth, Seventh, and Ninth Circuit Courts of Appeals); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir. 1989). This is because public officials in their individual capacities lack the power to comply with equitable orders. *See Barnes v. Dunn*, No. 4:19-cv-00558, 2022 WL 10264034, at *5 (N.D. Ala. Aug. 17, 2022), *report and recommendation adopted*, No. 4:19-cv-00558, 2022 WL 4365709 (N.D. Ala. Sept. 21, 2022) ("The[] defendants have no power in their individual capacities to take any action with respect to the conditions of ADOC facilities, and therefore, any order directing them as individuals to address prison conditions would not redress the plaintiff's alleged injury."); *Clay v. Thompson*, No. 2:14-CV-131, 2014 WL 3655990, at *3 (M.D. Ala. July 23, 2014) (reaching the same conclusion with respect to federal judges and prosecutors sued in their individual capacities for declaratory relief).

As the Parole Board Defendants point out, Alabama law provides that only the Governor of Alabama, "with the advice and consent of the Senate," may appoint members of the Parole Board, ALA. CODE § 15-22-20(b), and "the decision concerning parole release shall be at the complete discretion of the [B]oard." *Id.* § 15-22-26(c); *cf. Newman v. Alabama*, 683 F.2d 1312, 1320 (11th Cir. 1982) ("Deference to prison authorities is especially appropriate when state penal facilities are involved.").

Each of Gilley's demands for injunctive relief may be satisfied only by public officials acting within their official capacity. None of the Parole Board Defendants, acting in their individual capacities, have the power to take any action with respect to the parole decisions of the Board, or as to who serves on the Board, or as to who may serve in any parole board panel capacity specific to Gilley. A judgment against these individual-capacity Defendants would not alter the legal relationship between the parties in any way and certainly would not give Gilley the relief he seeks. *See Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001) (en banc) ("Because these defendants have no powers to redress the injuries alleged, the plaintiffs have no case or controversy with these defendants that will permit them to maintain this action in this court."); *Scott v. Taylor*, 405 F.3d 1251, 1259 (11th Cir. 2005) (Jordan, D.J., sitting by designation, concurring) ("Thus, in a suit against state officials for injunctive relief, a plaintiff does not have Article III standing with respect to those officials who are powerless to remedy the alleged injury."); *see also Lewis*, 944 F.3d at 1299–1300 (relying on *Okpalobi*, 244 F.3d at 426, in discussing other elements of standing); *cf. Hewitt v. Helms*, 482 U.S. 755, 761 (1987) ("Redress is sought *through* the court, but *from* the defendant. . . . The real value of the judicial pronouncement— what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of*

*the defendant towards the plaintiff.*" (emphasis in original)). In fact, two of the three Parole Board Defendants (Spurlock and Gwathney) no longer sit on the Parole Board; only Littleton remains.[1]

Because Gilley's allegations do not show that his claimed injury and requested relief can be redressed by a favorable decision against these three Defendants in their individual capacities, redressability, and therefore standing, does not exist. The Court thus lacks subject matter jurisdiction, and Gilley's claims are due to be dismissed without prejudice. *See Clay*, 2014 WL 3655990, at \*3.

**CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1)     To the extent that the *Motion for Judgment on the Pleadings* (doc. 99) seeks dismissal for lack of subject matter jurisdiction, the motion is **GRANTED**; in all other respects, it is **DENIED** as moot;

(2)     The Defendants' *Motion to Strike* (doc. 108) is **DENIED** as moot;

(3)     This case will be dismissed without prejudice; and,

(4)     A separate judgment will follow.

**DONE** and **ORDERED** on this the 29th day of July 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Spurlock was replaced in August of 2023, and Gwathney was replaced in July of 2025. Thus, of the three individual Defendants, only Littleton is currently on the Board.